UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JEFFREY K. BAKER, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | No. 1:05-CV-152 |
| | ) | Chief Judge Curtis L. Collier |
| OFFICER WES SNYDER, | ) | |
| OFFICER ABE HAYES, | ) | |
| OFFICER TIM WINDER, | ) | |
| OFFICER CHRIS JACQUES, | ) | |
| OFFICER DEWAYNE EVANYK, and | ) | |
| OFFICER MICHAEL HARRIS, | ) | |
| | ) | |
| Defendants | ) | |

## **MEMORANDUM**

Defendants Wes Snyder, Abe Hayes, Tim Winder, Chris Jacques, Dewayne Evanyk, Michael Harris filed a Motion to Exclude Plaintiff Jeffrey Baker's ("Plaintiff") witness Jeanie Riley (Court File No. 46). Plaintiff responded in opposition (Court File No. 47), and Defendants also filed a reply brief (Court File No. 48).

Defendants in their motion state Plaintiff never disclosed witness Jeanie Riley ("the witness") prior to April 21, 2006 either through written discovery requests, initial disclosures or pre-trial disclosures. Further, Defendants assert Plaintiff did not disclose the witness by the January 27, 2006 deadline for Fed. R. Civ. P. 26(a)(3)(A) disclosures as set out in the scheduling order (Court File No. 12). Therefore, Defendants seek to exclude this witness under Fed. R. Civ. P. 37(c)(1) for Plaintiff's failure to properly and timely disclose the witness.

Under Fed. R. Civ. P. 26, all parties are required to take part in extensive pretrial discovery. Early in discovery, "*without awaiting a discovery request*," parties "must . . . provide to other

parties" the name and contact information of any person who might have discoverable information to support their claims or defenses and all documents or tangible things that the party may use to support its claims or defenses, along with other disclosures. Fed. R. Civ. P. 26(a)(1) (emphasis added). Closer to trial, Rule 26 also requires disclosure of the names and contact information of all witnesses and identification of all documents or exhibits that will be offered at trial. Fed. R. Civ. P. 26(a)(3)(A), (C). The parties during the scheduling conference agreed these disclosures would be completed by January 27, 2006 (Court File No. 12 at 2).

Under Rule 37, a party that fails without substantial justification to disclose information required by Rule 26(a) or Rule 26(e)(1), or to amend a prior discovery response as required by Rule 26(e)(2), is not permitted to use that information as evidence at trial. Fed. R. Civ. P. 37(c)(1). The only exception to this rule is where the failure to disclose is harmless. *Id.*

The exclusion of undisclosed evidence "is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn, P.C.*, 388 F.3d 976, 983 (6th Cir. 2004) (*quoting Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004)). Plaintiff does not dispute his failure to disclosure the witness's information to Defendants prior to January 27, 2006. Plaintiff has not alleged he learned of this witness's testimony at a late date or was not aware of her existence until shortly before the date he disclosed the information to Defendants. In fact, the witness's deposition testimony revealed she first discussed her knowledge about this case with Plaintiff's counsel approximately one year ago (Court File No. 48). The witness further testified in her deposition she has spoken with counsel for Plaintiff almost monthly for the past several months (*Id.*).

In Plaintiff's two-sentence response, he alleges Defendants are not prejudiced as Defendants' counsel took the witness's deposition on May 3, 2006. Defendants have shown this failure to

disclose is not harmless, since Defendants cannot reasonably, in the short time remaining before trial, investigate and conduct discovery on the issues raised by the witness's deposition testimony (Court File No. 48). Therefore, under Rule 37, Plaintiff may not present this witness at trial. *Dickenson*, 388 F.3d at 983.

Because Plaintiff has not given any substantial justification for his late disclosure in violation of Rule 26, and the Court finds this late disclosure was not harmless to Defendants, the Court will **GRANT** Defendants' motion (Court File No. 46) and **EXCLUDE** the testimony of Jeanie Riley, pursuant to Rule 37(c)(1).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**